B 27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT
Eastern District of Washington

In re Debra Beach/Ronald Bryngelson,
   *Debtor*

Case No. 13-03173
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: FreedomRoad Financial

2. Amount of the debt subject to this reaffirmation agreement:
   $ 9,365.91 on the date of bankruptcy   $ 9,365.91 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 10.99 % prior to bankruptcy
   10.99 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 416.59 per month for _____ months

5. Collateral, if any, securing the debt: Current market value: $ 14,595.00
   Description: 2008 Harley Davidson FLHTC, VIN#1HD1FF4108Y603924

6. Does the creditor assert that the debt is nondischargeable? ___ Yes ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement |
|---|---|
| 7A. Total monthly income from Schedule I, line 16 — $3442.61 | 7B. Monthly income from all sources after payroll deductions — $3442.61 |
| 8A. Total monthly expenses from Schedule J, line 18 — $4524.26 | 8B. Monthly expenses — $3026.02 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J — $0.00 | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses — $0.00 |
| | 10B. Net monthly income — $416.59 (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

B27 (Official Form 27) (12/09)　　　　　　　　　　　　　　　　　　　　　　　Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):
    This is our income and expenses as of the date of the filing of the petition.

12. Explain with specificity any difference between the expense amounts (8A and 8B):
    This is our income and adjusted expenses so we can afford to make the payments on the amounts reaffirmed herein.

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____　　　　　　　　_Debra Beach_____
Signature of Debtor (only required if　　　　Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)　　　　　　　　　required if line 11 or 12 is completed)

Other Information

☐　Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
　_x_ Yes　　　____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
　_x_ Yes　　　____ No

## FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Nichlas P. Spallas
Print/Type Name & Signer's Relation to Case

B240A (Form B240A) (04/10)

> Check one.
> ☐ Presumption of Undue Hardship
> ☒ No Presumption of Undue Hardship
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
Eastern District of Washington

In re **Debra Beach & Ronald Bryngelson**
*Debtor*

Case No. **13-03173**

Chapter **7**

## REAFFIRMATION DOCUMENTS

Name of Creditor: **FreedomRoad Financial**

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.

A. Brief description of the original agreement being reaffirmed: **Promissory Note & Security Agreement**
   *For example, auto loan*

B. *AMOUNT REAFFIRMED*: $ **9,365.91**

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

   *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The *ANNUAL PERCENTAGE RATE* applicable to the Amount Reaffirmed is **10.99** %.

   *See definition of "Annual Percentage Rate" in Part V, Section C below.*

   This is a *(check one)* ☒ Fixed rate     ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☐ $_____ per month for _____ months starting on _____.

☑ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

$416.59/mo. until paid in full. Except as modified below, the terms of the attached Promissory Note and Security Agreement are hereby incorporated by reference. This reaffirmation agreement is void if the underlying security agreement is determined to be unenforceable or invalid by the Bankruptcy or other Court of competent jurisdiction

E. Describe the collateral, if any, securing the debt:

Description: 2008 Harley Davidson.......3924
Current Market Value $ 14,595.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☑ Yes. What was the purchase price for the collateral? $ 23,211.67

☐ No. What was the amount of the original loan? $_____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $_____ | $_____ |
| Annual Percentage Rate | _____% | _____% |
| Monthly Payment | $_____ | $_____ |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

## PART II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one. ☑ Yes ☐ No

B. Is the creditor a credit union?

Check one. ☐ Yes ☑ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

    a. Monthly income from all sources after payroll deductions
    (take-home pay plus any other income)      $ 3442.61

    b. Monthly expenses (including all reaffirmed debts except
    this one)      $ 3026.02

    c. Amount available to pay this reaffirmed debt (subtract b. from a.)      $ 416.59

    d. Amount of monthly payment required for this reaffirmed debt      $ 416.59

    *If the monthly payment on this reaffirmed debt (line d.) is greater than the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

    Check one of the two statements below, if applicable:

    ☑ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

    ☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:




    Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

    ☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

B240A, Reaffirmation Documents

Page 4

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date 9/2/13    Signature _____ Debtor

Date 09/2/13   Signature Debra Beach
                         Joint Debtor, if any

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor FreedomRoad Financial, c/o CRG,    1790 E. River Rd., Ste. 101, Tucson, AZ 85718
         *Print Name*                         *Address*

Nichlas P. Spallas                            Signature _____ Date 9/20/13
*Print Name of Representative*

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 9.9.13    Signature of Debtor's Attorney _____

               Print Name of Debtor's Attorney  Southwell + O'Rourke, P.S.

[ Reset ]                          [ Save As... ]         [ Print ]

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V. Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

13-03173-FPC7    Doc 15    Filed 09/24/13    Entered 09/24/13 10:05:39    Pg 7 of 12

6. **When will this Reaffirmation Agreement be effective?**

   a. If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and

       i. if the creditor is not a Credit Union, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

       ii. if the creditor is a Credit Union, your Reaffirmation Agreement becomes effective when it is filed with the court.

   b. If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

C. DEFINITIONS

1. "Amount Reaffirmed" means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. "Annual Percentage Rate" means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. "Credit Union" means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller: Lunatic Harley Davidson<br>6615 E TRENT AVE<br>SPOKANE, WA 99212 | Buyer: BEACH, DEBRA L.<br>BRYNGELSON, RONALD<br>3000 E INDIANA<br>SPOKANE WA 99212 |
|---|---|---|
| No.<br>Date 3/27/2009 | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2009<br>Make HD<br>Model FLSTC | VIN 1HD1FF41X9Y603324<br>Lic. No./Year<br>☒ New ☐ Used | Other: |
|---|---|---|---|

Description of Trade-In

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 24227.32 , plus finance charges accruing on the unpaid balance at the rate of 7.99 % per year from today's date until maturity. Finance charges accrue on a 365 day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at 7.99 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☐ **ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price. ☐ paid proportionally with each payment.

☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 1,000.00 |
|---|---|---|---|---|
| 7.99 % | $ 10766.64 | $ 24227.32 | $ 34993.66 | $ 35,993.66 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 84 | $416.59 | Monthly beginning 4/12/2009 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
**Late Charge:** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.
**Prepayment:** If you pay off this Contract early, you ☐ may ☐ will not have to pay a Minimum Finance Charge.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured N/A
☐ Single ☐ Joint Prem. $ $0.00 Term 0
Purpose _____
**Credit Disability:** Insured N/A
☐ Single ☐ Joint Prem. $ $0.00 Term 0
Purpose _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

**ITEMIZATION OF AMOUNT FINANCED**
Vehicle Price (incl. sales tax of $ 1645.67 ) $ 23,111.67
Service Contract, Paid to: HARLEY DAVID * $ _____
Documentation Fee $ 50.00
                                  **Cash Price** $ 23,161.67
Manufacturer's Rebate $ $0.00
Cash Down Payment $ 1,000.00
Deferred Down Payment $ $0.00
   a. Total Cash/Rebate Down     $ 1,000.00
   b. Trade-In Allowance    $ $0.00
   c. Less: Amount owing   $ $0.00
       Paid to: _____
      d. Net Trade-In (b. minus c.)    $ _____
      e. Net Cash/Trade-In (a. plus d.) $ 1,000.00
**Down Payment** (e.; disclose as $0 if negative) $ 1,000.00
**Unpaid Balance of Cash Price** $ 22,161.67
Insurance Premiums* $ _____
Type(s) of Insurance:

13-03173-FPC7    Doc 15    Filed 09/24/13    Entered 09/24/13 10:05:39    Pg 10 of 12

Buyer _____ Co-Buyer _____

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. YOU MAY PURCHASE OR PROVIDE THE INSURANCE THROUGH ANY INSURANCE COMPANY REASONABLY ACCEPTABLE TO US. The collision coverage deductible may not exceed $ __50.00__ . If you get insurance from or through us you will pay $ __$0.00__ for _____ of coverage.

- ☐ $ _____ Deductible, Collision Coverage $ __$0.00__
- ☐ $ _____ Deductible, Comprehensive Cov. $ __$0.00__
- ☐ Fire-Theft and Combined Additional Coverage $ __$0.00__
- ☐ _____ $ __$0.00__

**The insurance coverage ordered under the terms of this Contract does not include bodily injury liability, public liability or property damage liability unless such insurance is checked and indicated.**

The above insurance shall be procured by ☐ Buyer ☐ Seller.

☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____
2008 HD    FLHTC   1HD1FF41087613524
_____. This Service Contract will be in effect for __3 Months__ .

**ASSIGNMENT:** This Contract and Security Agreement is assigned to _____,
the Assignee, phone __6-454-7623__ . This assignment is made
☐ under the terms of a separate agreement ☒ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.
Seller: By _[signature]_    Date __2/27/2008__

Paid to Dept. of Licensing*            $ _____
Amount to Finance line e. (if e. is negative) $ _____
Additional Finance Charge(s) Paid to Seller  $ _____
To: _____              $ _____
To: _____              $ _____
         **Total Other Charges**        $ _____
         **Principal Balance**          $ _____
(Unpaid Balance of Cash Price Plus Total Other Charges)
         Less: **Prepaid Finance Charges**  $ __$0.00__
         **Amount Financed**            $ __$24227.92__
         Finance Charge Dollar Amount   $ __$10765.64__
Time Balance - Princ. Bal. Plus Fin. Charge  $ __$34993.56__
Amount Owed - payable in __84__ installments of $ __$416.83__
each on __12 day of each month__  until paid in full.
*We may retain or receive a portion of this amount.

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.**

**NOTICE TO BUYER**
(a) Do not sign this Contract before you read it or if any spaces intended for the agreed terms, except as to unavailable information, are blank. (b) You are entitled to a copy of this Contract at the time you sign it. (c) You may at any time pay off the full unpaid balance due under this Contract, and in so doing you may receive a partial rebate of the Service Charge. (d) The service charge does not exceed ____ % per annum computed monthly.

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**

Buyer _Debra J Beach_    __2/27/2008__
Signature                 Date
_____   __2/27/2008__
Signature                 Date
Seller: By _[signature]_

13-03173-FPC7    Doc 15    Filed 09/24/13    Entered 09/24/13 10:05:39    Pg 11 of 12

# VEHICLE CERTIFICATE OF OWNERSHIP (TITLE)

STATE OF WASHINGTON

**CERTIFICATE NUMBER**
**0806628626**

| LICENSE NUMBER | VEHICLE IDENTIFICATION NUMBER (VIN) | YEAR | MAKE | MODEL | STYLE | SERIES BODY |
|---|---|---|---|---|---|---|
| 981572 | 1HD1FF4108Y603924 | 2008 | HD | FHC | RS | FLHTC |

| DATE ISSUED | ODOMETER MILES | ODOMETER STATUS | | FLEET NUMBER | EQUIP NUMBER | FUEL TYPE |
|---|---|---|---|---|---|---|
| 03/06/2008 | 0000005 | ACTUAL | | | | GASOLINE |

| USE CLASS | SCALE WEIGHT | GROSS WEIGHT | VEHICLE COLOR | PRIOR TITLE STATE | PRIOR TITLE NUMBER |
|---|---|---|---|---|---|
| CYC | 00791 | 000000 | WHI/BLK | | |

COMMENTS
20670-2008

BRANDS

SALE PRICE $ _____
DATE OF SALE _____

LEGAL OWNER: When lien is satisfied, release interest by signing below and transmit this document to County Auditor or Agent with proper fee. Failure to properly release and transmit the document within 10 days after lien is satisfied may result in monetary penalty to the debtor, pursuant to RCW 46.12.170. **TRANSFEREE/BUYER MUST APPLY FOR TRANSFER OF OWNERSHIP WITHIN 15 DAYS FROM DATE OF DELIVERY TO AVOID PENALTY.**

**LEGAL OWNER**

FREEDOM ROAD FINANCIAL
PO BOX 18218
RENO NV 89511-0218

**REGISTERED OWNER**

BEACH, DEBRA J
BRYNGELSON, RONALD R
8000 E INDIANA
SPOKANE WA 99212

SIGNATURE OF LEGAL OWNER HEREBY RELEASES ALL INTEREST IN VEHICLE AS DESCRIBED ABOVE — DATE

SIGNATURE OF REGISTERED OWNER HEREBY RELEASES ALL INTEREST IN VEHICLE DESCRIBED ABOVE — DATE

SIGNATURE OF LEGAL OWNER HEREBY RELEASES ALL INTEREST IN VEHICLE AS DESCRIBED ABOVE — DATE

SIGNATURE OF REGISTERED OWNER HEREBY RELEASES ALL INTEREST IN VEHICLE DESCRIBED ABOVE — DATE

*Elizabeth A. Luce*

066/3702 01 MB
0057372 01 MB

05/06

**ASSIGNMENT BY REGISTERED OWNER**

I certify, to the best of my knowledge, that the ODOMETER READING as shown below: (CHECK ONE)
- 1. is the ACTUAL MILEAGE of the vehicle.
- 2. is in EXCESS OF ITS MECHANICAL LIMITS.
- 3. is NOT THE ACTUAL MILEAGE.

ODOMETER READING (in miles)

TRANSFEREE / BUYER: unless licensed dealer, must transfer title within 15 days of sale.
I/we warrant this Title and certify that the vehicle described herein has been sold to the following:

SIGNATURE OF TRANSFEREE / BUYER
SIGNATURE OF TRANSFEROR / SELLER

HAND PRINTED NAME OF TRANSFEREE / BUYER
HAND PRINTED NAME OF TRANSFEROR / SELLER

ADDRESS OF TRANSFEREE / BUYER
ADDRESS OF TRANSFEROR / SELLER

FEDERAL REGULATION AND STATE LAW REQUIRE THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE ODOMETER STATEMENT OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.